IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

In re: RONALD L. GAINES and                 No. 5:13-bk-72894
     MARILOU GAINES, Debtors                          Ch. 11

COMMUNITY FIRST BANK                            PLAINTIFF

v.                     No. 5:13-ap-07096

MARILOU GAINES and RONALD L. GAINES         DEFENDANTS

## OPINION

Before the Court is the debtors' motion to dismiss the complaint of Community First Bank [Community First] that was filed on December 23, 2013, and Community First's response that was filed on January 7, 2014. The Court held a hearing on February 26, 2014, and took the matter under advisement. For the reasons stated below, the Court denies the debtors' motion to dismiss.

## BACKGROUND

On August 22, 2013, the debtors filed their voluntary chapter 11 petition. On August 28, the clerk of the court issued the *Notice of Chapter 11 Bankruptcy Case, Meeting of Creditors, & Deadlines*, which was sent to all creditors and parties of interest. In addition to other deadlines, the notice stated that the meeting of creditors would be held on October 2.

On October 8, the debtors filed their proposed plan of reorganization and listed the secured and unsecured claims of Community First as impaired classes. The plan stated that, "without acknowledging any intentional wrongdoing," some vehicles that secured the debt owed to Community First were unaccounted for. For the secured claim, the plan proposed to surrender unsold vehicles to Community First in full satisfaction of any debt

still owed on those cars. In regard to the "resulting unsecured claim" that arose from the missing vehicles, the plan proposed to make monthly payments to Community Bank for five years, and at the end of that term, to pay Community Bank 40% (but not more than $20,000) of whatever amount was still owed. The 40% amount would be deemed nondischargeable if the debtors were unable to pay it in one lump sum at that time. Community First did not object to its treatment under the plan. After resolution of two objections to confirmation of the plan by other creditors, the plan was confirmed on November 15.

Shortly after, on November 27, Community First filed its adversary proceeding, seeking a determination of the dischargeability of the debt under 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6). In response, the debtors filed the pending motion to dismiss, relying on the treatment of Community First in the confirmed plan to argue the defenses of laches and res judicata and to assert that the complaint was not timely filed. At the hearing, the debtors also argued that the Court's jurisdiction to determine dischargeability of a specific debt terminated upon confirmation of the plan.[1]

## ANALYSIS

Federal Rule of Bankruptcy Procedure 4007(c) provides that "a complaint to determine dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Section 523(c) incorporates subsections (a)(2), (a)(4), and (a)(6). In this case, according to the notice on August 28, the first date set for the meeting of creditors was October 2. Community First filed its

---

[1] In addition, the debtors argued that Community First should be estopped from bringing its § 523 action, which suggests bad faith actions by the debtors, because the Court already made a finding of good faith under § 1129(a)(3) when it entered its order confirming the plan. Section 1129(a)(3) states that one of the requirements for confirmation is that "[t]he plan has been proposed in good faith and not by any means forbidden by law." The debtors' argument fails because a finding of good faith under § 1129(a)(3) relates to the debtors' act of *proposing a plan*. The finding of good faith does not extend outside this context to include alleged pre-petition actions of the debtors.

2

complaint on November 28, which was 56 days after October 2. Therefore, Community First's complaint to determine dischargeability was timely filed pursuant to Rule 4007(c). The question remains, however, whether a complaint seeking determination of the dischargeability of a debt is, nevertheless, filed too late when a plan has already been confirmed that treats a portion of that debt as dischargeable. The debtors argue in the affirmative, alleging that Community First lost its opportunity to dispute the dischargeability of the debt when it failed to object to the debtors' treatment of that debt prior to confirmation. The Court disagrees with the debtors for the reasons stated below.

Section 1141(a) of the bankruptcy code states, in relevant part, that "[e]xcept as provided in subsections (d)(2) and (d)(3), the provisions of a confirmed plan bind . . . any creditor . . . whether or not the claim or interest of such creditor . . . is impaired under the plan and whether or not such creditor . . . has accepted the plan." Taken alone, this supports the debtors' argument that Community First is now bound by the terms of the confirmed plan, including discharge of the remainder of the debt owed to it. However, § 1141(d)(2) carves out an exception, stating that "a discharge under this chapter *does not discharge* a debtor who is an individual from *any debt excepted from discharge under section 523* of this title." (Emphasis added.) This provision statutorily bars a debtor from discharging otherwise nondischargeable § 523 debts through the terms of a confirmed plan. *Newman v. U.S.* (*In re Newman*), 399 B.R. 541, 547 (Bankr. M.D. Fla. 2008); *Goodnow v. Adelman* (*In re Adelman*), 90 B.R. 1012, 1017-18 (Bankr. D. S.D. 1988). Whether the creditor to whom the debt is owed objects to confirmation of the plan or otherwise participates in the confirmation process is irrelevant–the creditor cannot be bound by terms expressly barred by § 1141(d)(2). *Adelman*, 90 B.R. at 1017.[2] As the court in

---

[2] In contrast, Congress did not include a provision similar to § 1141(d)(2) in relation to the confirmation of chapter 13 plans, leading to the possibility that an otherwise nondischargeable § 523 debt may be discharged through the terms of a chapter 13 confirmed plan if the creditor fails to object. *See United Student Aid Funds, Inc. v. Espinosa*, 130 S.Ct. 1367 (2010) (portion of § 523(a)(8) student loan debt discharged where creditor had notice of plan and did not object).

*Adelman* noted, it is sufficient that the creditor timely files its complaint seeking a determination that the debt in question is nondischargeable under § 523. *Id.* Community First has done so, and, accordingly, the Court finds that the debtors' objections to the complaint based on laches, res judicata, and untimeliness fail.

The debtors also argued at trial that the Court lacks jurisdiction to proceed with Community First's complaint. The debtors rely on a body of case law exploring the varying degrees to which bankruptcy courts retain limited or no jurisdiction to hear matters after confirmation of a chapter 11 plan. Generally, the debtors' estate–and the bankruptcy court's jurisdiction–cease upon confirmation. *Fairfield Comms., Inc. v. Daleske* (*In re Fairfield Comms., Inc.*), 142 F.3d 1093, 1095 (8th Cir. 1998). However, as the debtors' counsel acknowledged at the hearing, the debtors' confirmed plan contains what courts commonly refer to as a retention of jurisdiction provision. Part XXII of the plan, entitled "Jurisdiction," includes the following language:

> The assets and Property of the Debtors shall remain subject to the jurisdiction of the Bankruptcy Court until the Effective Date. *Subsequent to the Effective Date, the Bankruptcy Court shall retain jurisdiction over matters pending on the Effective Date or as set forth in the Confirmation Order.* The Bankruptcy Court *shall retain jurisdiction to resolve disputes arising under the Plan* for which relief may be granted under the Bankruptcy Code and Bankruptcy Rules. (emphasis added)

The effective date of the debtors' plan was January 2, 2014. On that date, Community First's complaint to determine dischargeability already was pending. In addition, Community First's complaint constitutes a dispute arising under the plan–whether the debt is, in fact, dischargeable. Therefore, by their own terms, the debtors sought to have this Court retain jurisdiction.[3] The Eighth Circuit recognizes retention of jurisdiction

---

[3] The Court's ultimate source of jurisdiction is 28 U.S.C. §§ 1334 and 157, and plan language may not confer jurisdiction beyond what is granted under those statutes. *Thickstun Bros. Equip. Co., Inc. v. Encompass Serv. Corp.* (*In re Thickstun Bros. Equip. Co., Inc.*), 344 B.R. 515, 520-22 (B.A.P. 6th Cir. 2006). That is not an issue here because Community First's complaint constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(I), and the Court has jurisdiction under 28 U.S.C. § 1334(b).

language within a confirmed plan, when related to the plan's administration and interpretation, as binding upon debtors. *See Fairfield Comms, Inc.*, 142 F.3d at 1095; *Norwest Equipment Finance, Inc. et al.* v. *Nath* (*In re D & P Partnership*), 91 F.3d 1072, 1074 (8th Cir. 1996) (each case finding that the court retained jurisdiction through plan provisions). Accordingly, the Court finds that it has jurisdiction to hear Community First's complaint.[4]

For the foregoing reasons, the Court denies the debtors' motion to dismiss the complaint of Community First.

*/s/ Ben Barry*
Ben Barry
United States Bankruptcy Judge
Dated: 03/11/2014

cc:　　Donald A. Brady, Jr.
　　　　Ronald and Marilou Gaines
　　　　Catherine F. Golden
　　　　U.S. Trustee

---

[4] An earlier Eighth Circuit case, examining post-confirmation jurisdiction in a chapter 11 case, seems to suggest that a bankruptcy court would have jurisdiction to hear a core or non-core but related matter even *without* retention language in the confirmed plan. *See Dogpatch Prop., Inc., v. Dogpatch U.S.A., Inc. et al.* (*In re Dogpatch U.S.A., Inc.*), 810 F.2d 782, 785-86 (8th Cir. 1987).